UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YVONNE D. NICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-00305-RLW |
| | ) |
| ROBERT L. WILKIE,[1] | ) |
| United States Secretary of Veterans Affairs, | ) |
| Department of Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Amended Motion for Summary Judgment (ECF No. 29). The motion is fully briefed and ready for disposition. Upon review of the motion and related memoranda and exhibits, the Court will grant Defendant's motion.

### I. Background[2]

---

[1] Robert Wilke ("Defendant") is the current Secretary of Veterans Affairs and the proper named party. Future pleadings shall reflect this change in the caption.

[2] Defendant has filed a 319-paragraph Statement of Material Uncontroverted Facts, with Plaintiff's Response objecting to only 14 of those paragraphs. Rule 4.01of the Local Rules of the United States District Court for the Eastern District of Missouri provides:

> Every memorandum in support of a motion for summary judgment must be accompanied by a document titled Statement of Uncontroverted Material Facts, which must be separately filed using the filing event, "Statement of Uncontroverted Material Facts." The Statement of Uncontroverted Material Facts must set forth each relevant fact in a separately numbered paragraph stating how each fact is established by the record, with appropriate supporting citation(s). Every memorandum in opposition must be accompanied by a document titled Response to Statement of Material Facts, which must be separately filed using the filing event "Response to Statement of Material Facts." The Response must set forth each relevant fact as to which the party contends a genuine issue exists. . . . All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be

Plaintiff Yvonne Nicks ("Plaintiff") has worked for the Veterans Affairs ("VA") as a Veterans Claims Examiner ("VCE") in the Educational Division, Claims Processing Section 1, since August 15, 2010. (Compl. ¶ 9, ECF No. 1; Def.'s Statement of Material Uncontroverted Facts ["SMUF"] ¶ 1, ECF No. 23) Plaintiff is an individual with a disability, as defined in the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, as amended, with a diagnosis of bilateral carpal tunnel syndrome and neuritis of the hands and upper extremities. (Compl. ¶ 13; Def.'s SUMF ¶ 41) She underwent four surgeries for carpal tunnel syndrome. (Compl. ¶¶ 11-2; Def.'s SUMF ¶ 41)

Plaintiff's work duties as a VCE included typing, not to exceed 5 1/2 hours per day. (Def.'s SUMF ¶ 4) Plaintiff's work shift included two 15 minute breaks and one 30 minute lunch each day. (*Id.* at ¶ 5) Barbara Fix ("Fix") became Plaintiff's supervisor beginning November 1, 2013. (*Id.* at ¶ 7) At that time, Plaintiff had already requested accommodations for her disability, and she received these accommodations in December 2013. (*Id.* at ¶ 9) James Thomas ("Thomas") was the Reasonable Accommodations Coordinator at the VA facility through February 2014. (*Id.* at ¶ 11)

During her employment, Plaintiff requested accommodations which included being able to type or keyboard at a slower pace; taking 15-minute breaks every hour; providing an ergonomic keyboard and tray; periods of light duty; and an ergonomic assessment and workstation set-up by ergonomic professionals. (Compl. ¶¶ 16, 18; Def.'s SUMF ¶¶ 44-45) On February 23, 2018, Plaintiff filed a Complaint in federal court, claiming the VA failed and/or

---

deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E). Other than those facts specifically controverted by Plaintiff, the Court deems admitted the facts set forth in Defendant's Statement of Facts. (ECF No. 23)

2

refused to adequately and fully accommodate Plaintiff's disability within a reasonable period of time by "failing to consistently allow Plaintiff to type at a slower pace; repeatedly failing to observe the limitations as to the number of hours of typing per shift, as recommended by treating physicians; repeatedly failing to observe the 15 minute breaks from typing each hour as recommended by treating physicians; and, failing to provide to Plaintiff the ergonomic keyboard, keyboard tray, and professional ergonomic set up of other equipment (workstation with the desk and chair), as recommended by treating physicians." (Compl., ¶ 21; Def.'s SUMF ¶ 50; Pl.'s Response to Def.'s SUMF ¶ 50)

Plaintiff does not dispute she was on light duty for a period of time due to a temporary medical condition pursuant to a Worker's Compensation ("WC") claim. (Pl.'s Response ¶ 51; Def.'s SUMF ¶¶ 52-53) In addition, Plaintiff's accommodations under the Rehabilitation Act were in place in December 2013, including ergonomic equipment and the 5-1/2 hour daily typing limitation. (Def.'s SUMF ¶ 64) At that time Fix told Plaintiff she would be expected to perform a full range of VCE duties within the limitations of her accommodations during her 8-hour shift, which instructions were also set forth in a formal letter approving Plaintiff's request for accommodations. (*Id.* at ¶¶ 64-65) Over the years, Defendant was responsive to Plaintiff's accommodation requests, providing the requested light duty, ergonomic equipment, equipment replacement and modifications, desk transfers, and other accommodations. (*Id.* at ¶ 66) On September 2, 2014, Fix issued to Plaintiff a Warning of Unacceptable Performance and placed Plaintiff on a Performance Improvement Plan ("PIP") because Plaintiff failed to meet the minimum requirement of processing 900 end unit products per month for four of the previous five months. (*Id.* at ¶¶ 231, 243-36) During this time period, Plaintiff received additional training, a designated mentor, and biweekly feedback from Fix. (*Id.* at ¶¶ 238-241) Plaintiff was

3

notified failure to improve may result in personnel action including demotion or removal from federal employment. (*Id.* at ¶ 243) She was also aware that once she was removed from the PIP, Plaintiff was required to maintain minimum performance standards for a year. (*Id.* at ¶ 243) Fix extended Plaintiff's PIP several times based on Plaintiff's inconsistent performance, but on May 31, 2015, Plaintiff was deemed fully successful and released from the PIP. (*Id.* at ¶¶ 246-251)

However, in June of 2015, Plaintiff again failed to meet production standards. (*Id.* at ¶ 251) Plaintiff also failed to meet minimum production numbers in August 2015, and accordingly she received an unsatisfactory performance rating. (*Id.* at ¶¶ 253-255, 261-262) At this time, Fix was no longer Plaintiff's supervisor, and Jaquetta Parker ("Parker"), Assistant Education Officer, issued a proposed removal letter in November 2015. (*Id.* at ¶ 263-264) However, Plaintiff was not removed from service and continues to work for the VE in the same position as a VCE. (*Id.* at ¶ 265)

On April 24, 2014, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint alleging hostile work environment based on Plaintiff's disability and race because Thomas failed to respond within a reasonable time to Plaintiff's July 16, 2013 request for reassignment as a disability accommodation and her November 5 and December 11, 2013 requests for an update on her request for accommodation. (Compl., ¶ 40(a); Def.'s SUMF ¶¶ 270, 313) Plaintiff also alleged Fix questioned Plaintiff's attendance and work duties, Fix required Plaintiff to type eight hours a day against doctor's orders, and Section Chief Sharon Jordan ("Jordan") questioned Plaintiff about her light work duties. (Def.'s SUMF ¶ 313) Plaintiff filed two additional EEO complaints on December 29, 2014 and November 16, 2015, respectively. (Def.'s SUMF ¶16) The December 29, 2014 EEO complaint alleged Plaintiff was subjected to a hostile work environment based on her disability due to Fix requiring Plaintiff to type eight hours a day, Fix

4

issuing and extending a PIP, and Jordan failing to respond to Plaintiff's complaints about Fix. (*Id.* at ¶ 314) Finally, the November 16, 2015 EEO complaint alleged a claim for hostile work environment based on Plaintiff's disability and as retaliation for prior EEO activity. (*Id.* at ¶ 315) Specifically, Plaintiff asserted Fix required Plaintiff to update her FMLA documentation and inquired into the number of Plaintiff's EEO cases. (*Id.*) Additionally, Plaintiff complained about her unsatisfactory performance rating and the proposed removal letter. (*Id.*)

On November 20, 2017, the Office of Employment Discrimination Complaint Adjudication ("OEDCA") found Plaintiff failed to establish she was the subject of any discrimination or was subjected to a hostile work environment or reprisal based on race and/or disability. (*Id.* at ¶¶ 318-319) Plaintiff's employment position, salary, pay grade, and benefits were not affected by her discrimination allegations, and she was not removed from her position at the VA. (*Id.* at ¶¶ 14-15)

Plaintiff's Complaint alleges the issuance of the written warning and initiation of the PIP by Fix resulted from Defendant's failure to accommodate in violation of the Rehabilitation Act (Count I). Plaintiff also contends the issuance of the unsatisfactory performance rating and proposed removal by Fix and Parker was based on Defendant's failure to accommodate in violation of the Rehabilitation Act (Count II). Finally, Plaintiff asserts unlawful harassment and reprisal based upon Plaintiff's requests for accommodation and filing of EEO complaints. Plaintiff seeks injunctive relief enjoining Defendant from discriminating against Plaintiff; accommodation for her disability; rescission of the unsatisfactory performance rating; damages to compensate Plaintiff for any pecuniary loss, mental anguish, and emotional distress; and attorney's fees.

## II. Legal Standard

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting Fed. R. Civ. P. 56(c)(2)). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted). The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988); *see also Torgerson*, 643 F.3d at 1042. To meet this burden, the movant must inform the district court of the basis for the motion "and must identify 'those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson*, 643 F.3d at 1042 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When the movant meets this burden, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324).

The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec.*, 475 U.S. at 587). Conclusory allegations are insufficient to establish a material question of fact required to defeat summary judgment. *Boude v. City of*

*Raymore, Missouri*, 855 F.3d 930, 935 (8th Cir. 2017); *Quinn v. St. Louis Cty.*, 653 F.3d 745, 752 (8th Cir. 2011).

## III. Discussion

Defendant argues Plaintiff's disability was fully accommodated, and the warning, PIP, unsatisfactory performance rating, and proposed removal set forth in Counts I and II resulted from Plaintiff's failure to maintain performance standards after accommodation and not on Defendant's failure to comply with the Rehabilitation Act. Defendant also contends the allegations in Count III of Plaintiff's Complaint fail to constitute harassment, a hostile work environment, or retaliation. Plaintiff claims the Complaint sufficiently sets forth allegations that Defendant's actions constituted an adverse employment action and that Defendant failed to satisfy his duty to reasonably accommodate Plaintiff. In addition, Plaintiff asserts she has adequately shown Defendant's acts constituted harassment which created a hostile work environment based on Plaintiff's disability and in retaliation for filing prior charges of discrimination against Fix.

### A. Counts I and II under the Rehabilitation Act

In Counts I and II of Plaintiff's Complaint, Plaintiff asserts Defendant's actions of issuing a written warning, placing Plaintiff on a PIP, issuing an unsatisfactory performance rating, and issuing a letter of proposed removal violated the Rehabilitation Act because Defendant failed to adequately and fully accommodate Plaintiff's disability such that she was unable to perform the essential functions of her job. (Compl., ¶¶ 31, 38) Defendant argues Plaintiff failed to maintain performance after full accommodation and therefore no genuine issue of material fact exists on Counts I and II of Plaintiff's Complaint.

The Rehabilitation Act represents the exclusive remedy for a federal employee alleging disability-based discrimination. *Ellis v. Donahoe*, No. 4:13-CV-238 CDP, 2014 WL 7335161, at *1 n.2 (E.D. Mo. Dec. 19, 2014). The Rehabilitation Act provides, "[n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under . . . any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). To state a claim under the language of the Rehabilitation Act against the VA, Plaintiff must demonstrate she was "disabled," was "otherwise qualified," and was the victim of "discrimination" "solely" based on her disability. *Peebles v. Potter*, 354 F.3d 761, 765 (8th Cir. 2004). Here, the parties agree Plaintiff is disabled under the Rehabilitation Act. While not entirely clear, it appears Counts I and II allege Defendant discriminated against Plaintiff based on her disability and failed to properly accommodate her disability under the Rehabilitation Act.

### 1. Failure to Accommodate

Defendant asserts Plaintiff received accommodations for her disability which enabled her to perform the essential functions of her job. Therefore, Defendant claims no genuine issue of material fact exists on Plaintiff's failure to accommodate claim, and Defendant is entitled to judgment as a matter of law. The Court agrees.

Discrimination for failure to accommodate occurs where a covered entity fails to "make reasonable accommodation to the known physical or mental limitations of an otherwise qualified applicant or employee with a disability, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of its business." 29 C.F.R. 1630.9(a); *see also Peebles*, 354 F.3d at 766. "A claim of failure to accommodate a disability in

8

the context of an employment action is a 'separate form of prohibited discrimination.'" *Ellis*, 2014 WL 7335161, at *8 (quoting *Peebles*, 354 F.3d at 766).

The record shows Plaintiff received accommodations as recommended by her physicians and professional evaluators. A December 31, 2013 letter from the Decision Management Officer indicated as of December 13, 2013 Plaintiff received all the equipment her medical provider requested, including an ergonomic keyboard, a keyboard tray, an ergonomic mouse, and a footstool. (Def.'s Ex. T p. 1, ECF No. 22-20) Further, the medical provider advised Plaintiff should type no more than 5.5 hours per shift. (*Id.*) Because the VCE position involved other duties besides typing, Plaintiff was also advised she would be required to provide the full range of her duties with a total of 3 breaks. (*Id.*)

In her opposition to Defendant's motion for summary judgment, Plaintiff disputes Defendant satisfied its duty to reasonably accommodate her because some of the equipment was incorrect and some was ineffective. (ECF No. 38 p. 5) However, "'[a]n employer is not obligated to provide an employee the accommodation [s]he requests or prefers, the employer need only provide some reasonable accommodation.'" *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1060 (8th Cir. 2016) (quoting *EEOC v. Yellow Freight Sys., Inc.*, 253 F.3d 943, 951 (7th Cir. 2001)).

The uncontroverted facts also show while Plaintiff continued to complain about the equipment, Defendant worked to move, modify, or purchase new equipment.[3] (Def.'s SUMF ¶ 94) Plaintiff testified she was provided ergonomic equipment "many times" but that it took a long time to get equipment she felt worked for her. (Def.'s Ex. W 76:15-78:3, ECF No. 22-23)

---

[3] The court notes many of Plaintiffs complaints pertain to alleged incidents while she was on light duty for her WC and not to the time period after she returned to full duty with accommodations and was subsequently warned, then placed on the PIP.

9

Plaintiff offers no support for her contentions that Defendant failed to accommodate her disability. To the contrary, the evidence presented by Defendant shows the VA continually provided accommodations for Plaintiffs' changing demands and complaints. (Def.'s SUMF ¶¶ 77-81, 90-94) Plaintiff does not present probative evidence to overcome Defendant's evidence but instead points to self-serving references in Plaintiff's deposition testimony. *See Bacon v. Hennepin Cty. Med. Ctr.*, 550 F.3d 711, 716 (8th Cir. 2008) (quotations and citations omitted) (finding self-serving affidavits cannot defeat a properly supported summary judgment motion but a plaintiff must substantiate her allegations with probative evidence which would permit a finding in plaintiff's favor); *Barbee v. Cent. Parking Sys., Inc.*, No. 4:06CV1716 TIA, 2008 WL 5101008, at *6 (E.D. Mo. Nov. 26, 2008) (finding plaintiff's self-serving deposition testimony was insufficient to defeat defendant's motion for summary judgment). Thus, the Court finds no genuine issue of material fact exists with regard to Plaintiff's failure to accommodate claim under the Rehabilitation Act, and Defendant is entitled to summary judgment.

### 2. Discrimination Based on Disability

Defendant asserts summary judgment is proper on Plaintiff's claim of disability discrimination because Plaintiff is unable to show she suffered an adverse action based on her disability. Plaintiff claims her placement on the PIP, unsatisfactory performance rating, and proposed removal constitute an adverse employment action. The Court finds Defendant is entitled to summary judgment on this claim.

"A prima facie case of disability discrimination requires a plaintiff to show: "(1) that she was disabled, (2) that she was qualified to do the essential job function with or without reasonable accommodation, and (3) that she suffered an adverse action due to her disability." *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1060 (8th Cir. 2016) (quotation marks and citation

omitted). "An adverse employment action under the Rehabilitation Act is a 'tangible change in working conditions that produces a material employment disadvantage.'" *Henderson v. Wilkie*, No. 4:17 CV 2555 JMB, 2019 WL 1043849, at *8 (E.D. Mo. Mar. 5, 2019) (quoting *Dick*, 826 F.3d at 1060 (8th Cir. 2016)). Examples of a change in working conditions include termination, decreases in benefits or pay, changes that affect future career prospects, or denial of a reasonable accommodation. *Dick*, 826 F.3d at 1060 (citations omitted).

Here, there is no genuine issue of material fact that Plaintiff suffered an adverse employment action based on her disability. Instead, the record shows Plaintiff did not experience a tangible change in her working conditions, as she did not encounter any changes in her employment, position, salary, pay grade, or benefits, nor was she denied a reasonable accommodation for her disability. (Def.'s SUMF ¶¶ 9, 14-15) Further, Plaintiff was able to perform the full functions of her VCE job but failed to do so, resulting in placement on the PIP and a subsequent unsatisfactory performance rating and letter of proposed removal. The record shows Plaintiff was fully accommodated in December 2013, at which time she was expected to process a minimum of 900 end unit products per month. (*Id.* at ¶¶ 9, 64, 101-103, 234-236) However, Plaintiff failed to perform the functions of the VCE position, which involved only 5 1/2 hours of typing each day and additional tasks such as answering the phone, placing phone calls, scanning and copying documents, and dealing with the mail. (*Id.* at ¶¶ 101-102, 106-107, 234) Placing Plaintiff on the PIP for failure to meet the minimum requirement of 900 end units per month was standard protocol at the VA with the goal of helping Plaintiff perform successfully. (*Id.* at ¶¶ 234-242) In addition, once Plaintiff was released from the PIP, she again failed to meet the minimum requirements of her job. (*Id.* at ¶¶ 261-265)

To constitute an adverse employment action, Plaintiff's disability must serve as the sole impetus for Defendant's action. *Dick*, 826 F.3d at 1060. Here, the record shows placement on the PIP and Plaintiff's unsatisfactory performance review and proposed removal letter were based on her failure to perform, not her disability.[4] Thus, the Court finds no genuine issue of material fact exists with respect to Plaintiff's disability discrimination claim, and summary judgment for Defendant is warranted. *See Dick*, 826 F.3d at 1061 (finding plaintiff's facts allegedly contradicting defendant's argument that plaintiff did not suffer an adverse employment action were either not supported by the record or would not affect the outcome of the suit).

## B. Count III Unlawful Harassment and Reprisal

In the motion for summary judgment, Defendant contends Plaintiff has failed to demonstrate a genuine issue of material fact regarding her claim for unlawful harassment and reprisal based on her disability. Plaintiff's Complaint alleges Defendant harassed her and retaliated against her by failing to respond to Plaintiff's request for reassignment as accommodation and updates on her request within a reasonable time; requiring Plaintiff to type more than the number of hours per shift recommended by her treating physician; refusing to sign a continuation of Plaintiff's temporary workers' compensation benefits[5]; and interrogating

---

[4] The record shows Plaintiff's performance was inconsistent, but she did meet the required minimum production numbers some months during PIP. (Def.'s Ex. W 82:1-10; SUMF 246-249)

[5] Plaintiff did not raise her claim regarding refusal to sign a workers' compensation continuance in any of her EEO complaints. (Def.'s Ex. A, ECF No. 22-1) Therefore, she has failed to exhaust her administrative remedies, and the Court is precluded from addressing her claim of refusal to sign a continuation of Plaintiff's temporary workers' compensation benefits. "Failure to exhaust administrative remedies bars a federal employee plaintiff from raising employment discrimination claims in federal court." *Johnson v. Robert McDonald Sec'y Dep't of Veterans Affair*, No. 4:15-CV-1869 CAS, 2016 WL 3997072, at *2 (E.D. Mo. July 26, 2016).

Plaintiff about the number of EEO cases she had pending based on her requests for disability accommodation and her complaints of discrimination against Fix. (Compl., ¶¶ 40-41) The Court finds Plaintiff's allegations fail to demonstrate a genuine issue that Defendant engaged in harassment or retaliation.

To prevail on a claim for hostile work environment under the Rehabilitation Act, a plaintiff must show: "1) she is a qualified individual with a disability; 2) she was subject to unwelcome harassment; 3) the harassment was based on her disability or a request for accommodation; 4) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment . . . ." *Stipe v. Shinseki*, 690 F. Supp. 2d 850, 883 (E.D. Mo. 2010). For harassment to affect a plaintiff's condition of employment, the harassment must be "'so severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* (quoting *Hiller v. Runyon*, 95 F. Supp. 2d 1016, 1026 (S.D. Iowa 2000) (internal quotation and citation omitted)). In determining whether a plaintiff has been subjected to a hostile work environment, courts "'consider the totality of the circumstances, including the frequency and severity of the conduct, whether it is physically threatening or humiliating, and whether it unreasonably interferes with the plaintiff's job performance.'" *Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 779 (8th Cir. 2012) (quoting *Cross v. Prairie Meadows Racetrack & Casino, Inc.*, 615 F.3d 977, 981 (8th Cir.2010)).

Here, Plaintiff failed to present evidence demonstrating the actions of Fix constituted harassment or created a hostile work environment. The record shows Plaintiff's typing requirements for purposes of this lawsuit brought under the Rehabilitation Act did not exceed the 5 1/2 hour per day limitation. (Def.'s SUMF ¶¶ 290-291) Plaintiff acknowledged she performed

other duties during her shift such as tending to the telephone, making copies, scanning documents, reviewing documents, and stuffing envelopes, resulting in less than seven hours a day. (Def.'s Ex. W 80:6-81:25) Further, nothing in Plaintiff's Complaint or in her memorandum in opposition to the motion for summary judgment shows Fix's interaction with Plaintiff rose to the level of actionable harassment due to Plaintiff's disability. Indeed, Plaintiff only mentions a few specific dates Fix allegedly required Plaintiff to type more than the number of hours recommended by her physician. Assuming, without finding, Fix did assign additional typing, "there are no facts from which it can be reasonably inferred that the conduct was severe and pervasive enough to create an objectively hostile or abusive work environment, or that it affected a term, condition or privilege of plaintiff's employment." *Johnson v. Robert Mcdonald Sec'y Dep't of Veterans Affair*, No. 4:15-CV-1869 CAS, 2016 WL 5870061, at *6 (E.D. Mo. Oct. 7, 2016).

Likewise, nothing in Plaintiff's Complaint or memorandum in opposition to Defendant's motion for summary judgment explains how James Thomas' failure to respond within a reasonable time to Plaintiff's request for reassignment and for and update on the request demonstrates harassment based on Plaintiff's disability. Finally, the question by Fix regarding the number of pending EEO cases filed by Plaintiff on only one occasion does not rise to the level of harassment. In short, the few alleged incidents, considered as a whole, over a period of two years are insufficient for a jury to find in favor of the Plaintiff on her harassment claim. *See Malone v. Ameren UE*, 646 F.3d 512, 517 (8th Cir. 2011) (finding a few occurrences over a course of years was not sufficiently severe or pervasive to establish a hostile work environment); *see also Wallin v. Minnesota Dep't of Corr.*, 153 F.3d 681, 688 (8th Cir. 1998) (finding isolated

incidents were not sufficiently severe or pervasive to affect the terms or conditions of the plaintiff's employment).

The Court also finds no genuine issue of material fact exists on Plaintiff's claim of reprisal. "A prima facie case for retaliation under the Rehabilitation Act includes '(i) protected activity, (ii) adverse action taken by the employer against the employee, and (iii) a causal link between the two.'" *Johnson v. Special Sch. Dist. of St. Louis Cty.,* No. 4:18CV53JCH, 2018 WL 2163647, at *10 (E.D. Mo. May 10, 2018) (quoting *Joelson v. Dep't of Veterans Affairs,* 177 F. Supp. 2d 967, 972 (D.N.D. 2001)). While Plaintiff testified Fix asked her on one occasion about the number of EEO complaints Plaintiff filed, Plaintiff did not state her employer took adverse action against her based on filing the EEO complaints. (Def.'s Ex. W 134:6-137:4) The Court finds Plaintiff has failed to demonstrate a genuine issue of material fact as to whether she suffered an adverse employment action and therefore summary judgment for Defendant on Plaintiff's reprisal claim is proper. *Quinn v. St. Louis Cty.,* 653 F.3d 745, 754 (8th Cir. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Amended Motion for Summary Judgment (ECF No. 29) is **GRANTED.** A separate Judgment shall accompany this Memorandum and Order.

Dated this 20th day of February, 2020.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

15